[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 117.]

CINCINNATI BAR ASSOCIATION *v*. SPITZ.

[Cite as *Cincinnati Bar Assn. v. Spitz*, 2000-Ohio-122.]

*Attorneys at law—Misconduct—Indefinite suspension—Sharing a legal fee with a nonlawyer—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Failure to cooperate in a disciplinary investigation.*

(No. 99-1898—Submitted February 9, 2000—Decided May 31, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-56.

———————————

{¶ 1} In early 1991, respondent, Gregory G. Spitz of Cincinnati, Ohio, Attorney Registration No. 0000794, prepared a deed and a trust for George Szucs under an arrangement that respondent had with Marilyn T. Matho. Matho, a nonattorney, received $1,195 from Szucs, and Matho dispersed $597.50, exactly one-half of the amount received from Szucs, to respondent.

{¶ 2} While investigating an unrelated matter in 1996, relator, the Cincinnati Bar Association, learned about this transaction. Relator then asked respondent for the details of this transaction. Respondent denied, in a letter dated October 30, 1996, having a fee-sharing arrangement with Matho. Respondent did state that Matho had engaged him to research some questions regarding Ohio trust law, for which she paid him "five or six hundred dollars to the best of my recollection." In this letter, respondent claimed that he directed Matho to refer any clients for deeds directly to him. He admitted preparing a deed for Szucs, for which he received $50, but he denied sharing this money with Matho. He further denied preparing any "trust for this mystery person nor did I receive $600.00 for doing any trust."

**{¶ 3}** Relator, in a letter dated January 6, 1997, noted conflicting accounts regarding the trust transaction and asked respondent to submit "copies of any invoices showing any bills which you may have rendered to Ms. Matho or her business partner for legal representation." Respondent, on February 5, 1997, sent relator an invoice he claimed was a copy of the one he sent to Matho on December 20, 1990. The invoice was on letterhead listing respondent's former office address where respondent had conducted his practice in 1990. The invoice indicated a billing to Matho for:

"Legal consultation and research on Ohio Trust Law

$590.00

Copying fee        7.50

TOTAL DUE     $597.50"

**{¶ 4}** In fact, respondent had retrieved old stationary and prepared a phony invoice. Later, at a deposition taken by relator, respondent still maintained that he had billed Matho for researching Ohio trust law and denied preparing a trust for Szucs or sharing legal fees with Matho.

**{¶ 5}** On June 16, 1997, relator filed a complaint charging respondent, in two counts, with violating DR 3-102 (sharing a legal fee with a nonlawyer) and 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). Relator also charged respondent with a violation of Gov.Bar R. V(4)(G) (failure to cooperate in a disciplinary investigation).

**{¶ 6}** At a hearing before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"), respondent admitted that the claims he had made in his October 30, 1996 letter were not true. He also admitted that he had fabricated the invoice to appear like a 1990 invoice. He further admitted that he had lied under oath about his arrangement with Matho and the fabricated invoice at his deposition. He explained that he panicked when relator confronted him and reacted in the way he did.

**{¶ 7}** The panel found that respondent had violated DR 3-102 and 1-102(A)(4). The panel concluded that while the fee-splitting arrangement did not "by itself warrant a harsh sanction, [respondent's] conduct and actions in attempting to cover-up the fee splitting were particularly egregious." The panel also concluded that respondent was not truthful in his testimony at the hearing. The panel, in addition, observed that respondent had received a six-month suspension in 1991 for engaging in other dishonest, fraudulent, and deceitful conduct and misrepresentation. Consequently, the panel recommended that we indefinitely suspend respondent from the practice of law.

**{¶ 8}** The board adopted the findings of fact and conclusions of law of the panel, and likewise recommended that we indefinitely suspend respondent from the practice of law in Ohio.

_____

*Deborah DeLong* and *Naomi C. Dallob*, for relator.

*H. Fred Hoefle*, for respondent.

_____

***Per Curiam.***

**{¶ 9}** In *Cincinnati Bar Assn. v. Spitz* (1991), 62 Ohio St.3d 178, 179, 580 N.E.2d 1071, 1072, we disciplined respondent for lying to his clients about filing a suit on their behalf and preparing a "sham" brief to convince them of his continued efforts in the case. He then told his clients that the judge "had thrown their case out," rendering further action futile. For these deceitful actions, we suspended respondent from the practice of law for six months.

**{¶ 10}** Respondent did not learn from his previous suspension. When confronted with an investigation for his improper conduct in this case, respondent responded with lies and another sham document. We must reply with a more serious penalty than in respondent's previous case. Accordingly, we adopt the

findings, conclusions, and recommendation of the board.  We hereby indefinitely suspend respondent from the practice of law.  Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————